UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


MANUFACTURERS AND TRADERS        :        **CIVIL NO. 1:10-CV-2175**
TRUST CO.,                       :
                                 :        (Magistrate Judge Smyser)
                Plaintiff        :
                                 :
        v.                       :
                                 :
HUGH P. FULMER, M.D. and         :
EVANGELINE FULMER, d/b/a         :
NAPLES MED SPA & WELLNESS and    :
HUGH P. FULMER, M.D. and         :
EVANGELINE FULMER,               :
                                 :
                Defendants       :


**<u>MEMORANDUM AND ORDER</u>**


        The defendants have filed a motion to dismiss the

complaint pursuant to Rule 12(b)(2) of the Federal Rules of

Civil Procedure for lack of personal jurisdiction.  They argue

that they do not have minimal contacts with Pennsylvania.


        However, the plaintiff asserts that the agreement

contains two clauses in which the parties to the agreement

agreed that the lease is to be governed and construed in

accordance with the laws of the Commonwealth of Pennsylvania

and that any actions or proceedings to which the lessor is a

party arising from the lease shall be litigated at the lessor's option in Pennsylvania and that the courts of Pennsylvania will have jurisdiction over such litigation.[1]

The plaintiff has presented a document to the court in opposition to the motion to dismiss the complaint.  The defendants have not filed a reply brief in support of the motion to dismiss the complaint.  The defendants stated in their motion to dismiss the complaint and in the affidavit of Evangeline Fulmer in support of the motion to dismiss the complaint that the defendants received and signed a one page contract.  Evangeline Fulmer states under penalty of perjury that she never received any second page to the contract.  The plaintiff presents a copy of a second page which, the plaintiff asserts, bears the initials of Evangeline Fulmer.

The form lease agreement is a two page form lease agreement.  "Page 1 Of 2" contains the admonition "SEE PAGE TWO

---

1.  Paragraph 30, page 2, Doc. 7-1.  It is stated also on page one of the agreement that the guarantor consents to the in personam jurisdiction of Pennsylvania state and federal courts.

FOR ADDITIONAL TERMS AND CONDITIONS WHICH ARE PART OF THIS LEASE"

and is numbered "Page 1 Of 2".  The language in ¶ 30 on page 2

provides that the plaintiff could choose to bring a civil

action in a Pennsylvania court or a federal court in

Pennsylvania, that such court was agreed by the parties to have

jurisdiction and that Pennsylvania law would be applicable in

the event of a dispute.

The issues raised by the defendants involve the

authenticity of the two page agreement, whether defendant

Evangeline Fulmer initialed page 2 and whether a forum

selection clause should be enforced.  These issues will not be

finally adjudicated on the defendants' motion to dismiss.

Issues of fact are presented.  However, based upon what is

presented at this point, the complaint will not be dismissed.

Based upon what is presently before the court, it can

not be concluded that the forum selection agreement the

contract should not be enforced.  The lessor, Court Square

Leasing Corporation, presented to the defendants a Lease

Agreement that on page one stated a Pennsylvania address for

the lessor and that on pages one (just above the defendants'

signatures) and two contained a forum selection clause

selecting a Pennsylvania forum.  The plaintiff in its brief

states that Court Square, acquired by the plaintiff M&T Trust

on May 29, 2009, was a Pennsylvania based leasing company.


> Forum selection clauses are presumptively
> valid and are enforceable unless it can be
> established "(1) that it is the result of fraud
> or overreaching, (2) that enforcement would
> violate a strong public policy of the forum, or
> (3) that enforcement would in the particular
> circumstances of the case result in litigation
> in a jurisdiction so seriously inconvenient as
> to be unreasonable." *Coastal Steel Corp. v.*
> *Tilghman Wheenabrator Ltd.*, 709 F.2d 190, 202
> (3d Cir. 1983), overruled on other grounds by,
> *Lauro Lines v. Chasser*, 490 U.S. 495 (1989);
> *see Jumara*, 55 F.3d at 880. "The party opposing
> a forum selection clause bears a 'heavy burden'
> of showing that the clause should not be
> enforced." *CQ, Inc. v. TXU Mining Co.*, No.
> 05-1230, 2006 WL 278155, at *2 (W.D. Pa. 2006)
> (citing *MoneyGram Payment Sys. v. Consorcio*
> *Oriental, S.A.*, 65 Fed. App'x 844, 848 (3d Cir.
> 2003)).

*Frazetta v. Underwood Books,* 2009 U.S. Dist. LEXIS 29310, at *9

(M.D. Pa. April 6, 2009).

The defendants do not come forward with a reason for the court not to enforce the forum selection clause that is based upon fraud, overreaching by the lessor or public policy. The defendants contend that for them Pennsylvania is a jurisdiction so seriously inconvenient as to be unreasonable.

Although the defendants in their brief assert that it is "the poor quality of the Defendants spa machine which forms the basis of this case" (Doc. 6, page 6), there is not anything presented in the pleadings to support that characterization of the case. The complaint states a claim for past due sums under a lease agreement and liquidated damages. The defendants do not present a persuasive showing that the litigation of this claim in Pennsylvania will be seriously and unreasonably inconvenient.

The defendants' motion to dismiss the complaint will accordingly be denied.

**IT IS ORDERED** that the defendants' motion (Doc. 2) to dismiss the complaint is **DENIED.**

/s/ J. Andrew Smyser
J. Andrew Smyser
Magistrate Judge

Dated: January 7, 2011.